ALFREDO SCHMIDT Y MARÍA CRIADO, demandantes y apelados, *v.* ALFREDO, FRANK, ADALINA O'SHEAF Y COLÓN, demandados y apelantes.

No. 3886.—*Visto:* Junio 4, 1926. *Resuelto:* Julio 13, 1926.

APELACIÓN Y ERROR—REVISIÓN—DISCRECIÓN DE LA CORTE INFERIOR—SOLICITUD PARA DEJAR SIN EFECTO UNA SENTENCIA—NEGATIVA DEL TRIBUNAL INFERIOR.—En este caso se apeló de una orden que declaró sin lugar moción

para dejar sin efecto una sentencia por haber sido ésta obtenida por sorpresa, inadvertencia o negligencia excusable. Atendidas las circunstancias concurrentes *se resolvió* no era posible resolver que el juez inferior erró al declarar sin lugar dicha moción.

ORDEN de *R. H. Todd, Jr., J.* (Ponce), declarando sin lugar moción sobre apertura de rebeldía y para dejar sin efecto la sentencia dictada. *Confirmada.*

*Arjona & Arjona,* abogados de los apelantes; *R. Pérez Marchand,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Los demandantes radicaron una demanda contra Alfredo, Frank y Adalina O'Sheaf y Colón como herederos de Alaida O'Sheaf y Colón, solicitando se condenara a los demandados a otorgar una escritura de cancelación y pago de una hipoteca y al pago de daños y perjuicios.

El día 5 de abril de 1924, Alfredo y Adalina O'Sheaf y Colón comparecieron por conducto de su abogado Angel Fiol Negrón y presentaron excepción previa a la demanda alegando que ésta no aducía hechos suficientes para constituir una causa de acción contra ellos.

Posteriormente se presentó la siguiente moción:

"Comparece ahora el abogado suscribiente, Lcdo. Angel Fiol Negrón, ante la Honorable Corte en el caso arriba intitulado y respetuosamente expone:—1. Que el suscribiente firmó y radicó el día 5 de abril de 1924 una excepción previa en el caso arriba intitulado compareciendo en representación de los arriba demandados Alfredo y Adalina O'Sheaf y Colón.—2. Que el abogado suscribiente solamente estaba autorizado a comparecer a voz y nombre del demandado Alfredo y de la niña Emma Tenn y O'Sheaf que conjuntamente con los otros demandantes componen la Sucesión de Doña Alaida O'Sheaf.—3. Que por error involuntario aparece en la excepción previa que el suscribiente verifica la comparecencia a nombre de Alfredo y de Adalina O'Sheaf y Colón, cuando en realidad de verdad quiso verificarlo a nombre de Alfredo y Emma Tenn y O'Sheaf.—4. Que el abogado suscribiente nunca recibió instrucciones ni verbales ni escritas, ni en ninguna otra forma de Doña Adalina O'Sheaf para comparecer por ella en el caso arriba intitulado,

ni en ningún otro caso.—5. Que no estando demandada en el suso-
dicho caso la referida Emma Tenn y O'Sheaf, el abogado suscri-
biente solamente podía comparecer entonces a nombre de Alfredo
O'Sheaf y Colón, la única persona que en este caso le ha facultado
para asumir su representación. Por todo lo expuesto, a la Hon.
Corte suplico que la excepción previa radicada por este abogado se
tenga por presentada solamente en cuanto al demandado Alfredo
O'Sheaf y Colón, y en cuanto a la otra demandada Adalina O'Sheaf
y Colón, y se tenga como no comparecida o sea como si jamás se
hubiera radicado la excepción previa en cuanto a ella toda vez que
la comparecencia de ésta fué por error involuntario del abogado que
suscribe, según se expone en esta moción. Respetuosamente sometida.
(Firmada) Angel Fiol Negrón.—Abogado de Alfredo O'Sheaf."

El 21 de febrero de 1925 el secretario a instancias del
abogado de los demandantes anotó la rebeldía de Frank y
Adalina O'Sheaf.

El día 13 de marzo de 1925 se celebró la vista del caso
y los demandantes presentaron su prueba y el día 20 la corte
dictó sentencia contra los demandados Frank y Adalina
O'Sheaf de acuerdo con la súplica de la demanda. El 17
de agosto de 1925, Adalina O'Sheaf por su abogado Angel
Fiol Negrón presentó una moción para que se dejara sin
efecto la sentencia y se continuara tramitando el caso, ale-
gando que ella había dado la representación de su caso al
Ledo. Fiol, quien había comparecido a nombre de ella y ex-
cepcionado la demanda el 5 de abril de 1924; que la moción
de 17 de febrero de 1925 fué presentada inadvertidamente;
que su citado abogado no tenía instrucciones de abandonar
el caso y que la demandada creía que él la estaba represen-
tando; que la demandada tuvo conocimiento de la sentencia
al leer un edicto sobre la venta de los derechos de la deman-
dada en ciertos terrenos en Salinas. Que la demandada te-
nía una buena defensa sobre los méritos del caso, según que-
daba demostrado por la prueba traída por los demandantes
en apoyo de su demanda, por la cual se veía que no había
nada que demostrara que los actos de Frank O'Sheaf podían
perjudicar los derechos personales e individuales de la de-

mandada; que la sentencia contra la demandada había sido obtenida por sorpresa, inadvertencia y negligencia excusable; que la demandada había expuesto los hechos de su defensa bien y fielmente a su abogado; que éste le había informado que ella tenía una buena y suficiente defensa en derecho sobre los méritos del caso, lo que así creían ambos de buena fe.

Un así llamado "Affidavit de méritos" dice como sigue:

"Yo, Angel Fiol Negrón, mayor de edad, casado, abogado y vecino de Ponce, Puerto Rico, BAJO JURAMENTO DECLARO:—1. Que soy del nombre, apellidos, edad, estado civil, profesión y vecindad antes mencionados. 2. Que esta acción se inició ante esta Corte reclamando el otorgamiento de cierta escritura y además, el pago de ciertos daños y perjuicios. 3. Que la demandada Adalina O'Sheaf y Colón me confirió su representación en este asunto, y comparecía en fecha 5 de abril de 1924, exponiendo una excepción previa contra la demanda, a nombre de dicha demandada. 4. Que en fecha 18 de febrero de 1925 se radicó ante esta Corte una moción por mí, haciendo constar que no comparecí en el nombre de Adalina O'Sheaf y Colón y que sí sólo lo hacía en el nombre de Alfredo O'Sheaf y Colón, otro demandado en este procedimiento. 5. Que dicha moción fué presentada inadvertidamente por mí, toda vez que yo no tenía instrucciones por dicha demandada de abandonarle su caso, y actué al presentar dicha moción, bajo la falsa impresión de querer hacer constar a la Corte que yo no comparecía como abogado de Frank O'Sheaf y Colón, pero nunca que no lo era de Adelina O'Sheaf y Colón. Ponce P. R., a 17 de agosto de 1925.—Angel Fiol Negrón. —Affiant."

La demandada apela de una orden declarando sin lugar esta moción mencionada últimamente y alega que:

"PRIMER ERROR:—Erró la Corte al imputar a la aquí apelante la responsabilidad de la actuación del abogado Angel Fiol Negrón por la moción de éste alegando que no comparecía como representante de la demandada y apelante.

"SEGUNDO ERROR:—Erró la Corte al ignorar la comparecencia de la demandada y apelante, en la excepción previa que había radicado, fundándose en una moción personal de su abogado, sin que de la misma se le hubiere dado noticia, y sin que la Corte hubiera dictado

sobre dicha moción del abogado, providencia o resolución que le hubiere sido notificada a la demandada y apelante.

"Tercer error:—Erró la Corte al estimar que no hubo sorpresa, inadvertencia, o negligencia excusable, en este caso, al dictarse la sentencia que se dictó en contra de la demandada y apelante.

"Cuarto error:—Erró la Corte al no haber accedido a la súplica de la demandada y apelante, negándose a abrir la rebeldía que le fué anotada y negándose eximirla de los efectos de la sentencia que en contra de la misma, le fué registrada en rebeldía."

No encontramos que la corte inferior imputara a la demandada responsabilidad alguna por las manifestaciones hechas por Angel Fiol en febrero de 1924 o que la corte pasara por alto la comparecencia y la excepción previa presentada por la demandada. El argumento admite que la demandada compareció y excepcionó la demanda.

Pero no hay prueba alguna en apoyo de esta aserción a no ser la alegación misma con la firma de un abogado, quien posteriormente dice que nunca estuvo autorizado para presentarla y hace constar claramente que él no era ni había sido nunca abogado de la demandante. Aceptando estas manifestaciones como ciertas, el juez de distrito no imputó responsabilidad alguna a la demandada, pues de haber algo de cierto en tales aserciones la relación de abogado y cliente nunca existió. De todos modos, en lo que a un cliente se refiere, un abogado tiene tanto derecho a retirar una excepción como a presentarla. Y la corte, cuando no están envueltos los derechos de otras personas y las circunstancias son tales que no despierten sospecha, no comete error al reconocer este derecho.

El hecho de que el abogado en este caso manifestó después bajo juramento que la moción radicada en febrero fué presentada por inadvertencia no parece haber causado impresión alguna al juez de distrito ni, en ausencia de algo más concreto que explique cómo ocurrió el error, estamos persuadidos que la corte inferior dejó de apreciar la importancia de esta declaración jurada. Ni siquiera aparece que

el pliego presentado en febrero 18 no fué preparado y firmado por el abogado personalmente. Según fué preparado su lenguaje no podía haber sido por inadvertencia, ya que su redacción es muy elaborada, muy específica y muy tautológica, en detalles para haber sido escrita, dictada o aún leída bajo la impresión de que se deseaba referirse a Frank O'Sheaf dondequiera que aparecía el nombre de Adalina O'Sheaf. Además, el abogado nunca había comparecido o presentó excepción alguna a nombre de Frank O'Sheaf. Por lo que aparece del récord, el abogado nunca había representado ni se había sospechado que representara a ese demandado. El abogado no tenía, por tanto, razón para negar tal representación, ni tampoco, por consiguiente, excusa para haber tenido la intención de decir o la creencia de que estaba diciendo que nunca había sido autorizado para representar al dicho Frank O'Sheaf y que por falta de tal autorización deseaba retirar el pliego de alegaciones radicado como abogado del dicho Frank O'Sheaf.

El *affidavit* de méritos no demuestra que la demandada tenga una buena defensa sobre los méritos del caso. Ni aún declara bajo juramento la manifestación sin jurar a ese efecto contenida en la moción. No tenemos a la vista la prueba aducida durante el juicio y con la moción no se ofreció pliego de alegación alguna. No se da explicación alguna de por qué el *affidavit* de méritos no fué hecho personalmente por la demandada.

La demandada parece que estaba representada por otro abogado al tiempo de someter su moción a la consideración de la corte inferior. Aún así se pudo presentar una declaración jurada adicional. De lo contrario, en las circunstancias excepcionales de este caso quizás podría decirse que las reglas ordinarias que rigen cuestiones de esta clase no son aplicables a una situación tan anormal. Pero habiendo tenido la demandada oportunidad de presentar un caso más fuerte del que presentó en la corte inferior y en ausencia de

tal demostración nos es imposible resolver que el juez de distrito erró al declarar sin lugar la moción.

*La orden apelada debe ser confirmada.*